UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ROSAS, et al.,

                Plaintiffs,

- against -

BDJVEGAN1, INC. d/b/a BLOSSON DU JOUR, et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-16

**MEMORANDUM ORDER AND OPINION**

15-CV-3511 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

On April 25, 2016, the Parties to this Fair Labor Standards Act ("FLSA") case advised the Court that they had reached an agreement on settlement in principle. (Doc. No. 35.) The Court ordered the Parties to file the terms of the settlement and a joint letter explaining why they believe that the settlement reflects a fair and reasonable compromise of disputed issues. (Doc. No. 37.) Thereafter, the Parties consented to the jurisdiction of the undersigned. (Doc. No. 42.) On May 31, 2016, Plaintiffs filed the settlement agreement, letter, and Plaintiffs' attorney billing records for approval as fair. (Doc. No. 43.) For the reason that follows, their request for approval of the settlement agreement is **DENIED**.

In *Lopez v. Nights of Cabiria*, a FLSA case in which the plaintiffs were represented by Plaintiffs' counsel here, the court rejected a proposed settlement agreement that contained broad general releases that "purport[ed] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." 96 F. Supp. 3d 170, 181.

> [T]he Court will not countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute. A release as broad as that in the proposed Agreement "confers an uncompensated,

unevaluated, and unfair benefit on the employer" and is "inequitable and unfair."

*Id* (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352). The Second Circuit found that this basis for rejection "highlights the potential for abuse in such settlements, and underscores why judicial approval in the FLSA setting is necessary." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (citing *Nights of Cabiria*, 96 F. Supp. 3d 170).

Here, the settlement agreements submitted for review contain impermissibly overbroad general releases. (Doc. No. 43, Ex. B.) The agreement would completely release Defendants from all claims by Plaintiffs, "known or unknown," arising before the date of the settlement, arising under or pursuant to any law. (*Id.*) Although the settlement here purports to fully compensate Plaintiffs for the back wages they are owed under the FLSA (unlike the agreement at issue in *Nights of Cabiria*), the Court nevertheless finds that the general release of unknown claims unrelated to wage-and-hour issues confers an "uncompensated, unevaluated, and unfair benefit" on Defendants. *Nights of Cabiria*, 96 F. Supp. 3d at 181.

Accordingly, the Plaintiff's request for approval of the settlement agreement is **DENIED**. The Parties may refile the settlement and letter, curing the defects described above, by **August 25, 2016**. Failure to do so will result in the Court setting pretrial deadlines for this action.

**SO ORDERED this 25th day of July 2016**
New York, New York

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

2